UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

WILLIE FRANK QUARTERMAN, Jr.,   )
                                )
      Plaintiff,                )
                                )
v.                              )   Case No. CV405-178
                                )
JAMES F. BASS,                  )
                                )
      Defendant.                )

## REPORT AND RECOMMENDATION

On October 3, 2005, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prisoner Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a

federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. §1983]...if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against government entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court will therefore examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendant.

Plaintiff alleges in his complaint that defendant refuses to correct the transcript from plaintiff's May 3, 1999 plea hearing and further refuses to release a cassette tape and the court reporter's notes from that hearing to plaintiff, thereby violating his civil rights. Plaintiff requests the Court to direct defendant to provide him with the cassette tape and court reporter's notes from this hearing, along with compensatory damages in the amount of the cost of a new transcript.

Plaintiff's claims against defendant James F. Bass must be DISMISSED. Defendant is a Superior Court judge of the Eastern Judicial Circuit of Georgia and, as such, enjoys absolute immunity from liability for damages with respect to acts within his judicial role. "It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v. Fisher, 13 Wall. 335, 347 (1872). Judicial immunity provides immunity from suit itself, not merely from the ultimate assessment of damages. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Judicial immunity remains intact despite allegations that the act was taken in error, done maliciously, or in excess of authority. Stump v. Sparkman, 435 U.S. 349, 356 (1978).

The Supreme Court has recognized two situations where judicial immunity will be overcome. First, a judge is not immune from liability for nonjudicial actions, i.e., those not taken in the judge's judicial capacity. Id. at 360; Forrester v. White, 484 U.S. 219, 227-229 (1988). Whether an action is deemed a judicial act first requires evaluating the act itself, by

examining whether the act is one normally performed by a judge, along with determining the expectation of the parties, i.e., whether the parties dealt with the judge in his judicial capacity. Stump, 435 U.S. at 362. In this analysis, the relevant inquiry is the "nature" and "function" of the act, not the "act itself." Id. at 362. In the instant case, both of these factors indicate the decision to deny plaintiff a copy of the cassette tape and court reporter's notes from defendant's plea hearing was a judicial act. Ruling on a request from a party, such as the present request for the cassette tape and notes, relates to a general function normally performed by a judge. Additionally, plaintiff's complaint indicates that he is dealing with defendant in his judicial capacity, as described by his interactions with defendant at the plea hearing and in his requests to defendant for the cassette tape and notes. Under the preceding analysis, this decision is properly classified as a judicial act, and the doctrine of judicial immunity remains in place.

The Supreme Court has also recognized that judicial immunity will not protect actions taken in the complete absence of all jurisdiction, despite their judicial nature. Stump, 435 U.S. at 356-357; Bradley v. Fisher, 13

Wall., at 351. The decision at issue in the instant case was made in the course of a proceeding over which the court had jurisdiction, thus rendering this circumstance unavailable to plaintiff as a vehicle to overcome judicial immunity.

As plaintiff has not met either of the criteria which will pierce the doctrine of judicial immunity, Judge Bass is entitled to such immunity and must be dismissed as a defendant in the present action.

Plaintiff has therefore failed to name a proper defendant in this suit. Accordingly, the Court recommends that plaintiff's complaint be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 11th day of **January, 2006.**

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA